The opinion of the Court was delivered by

Jtir. Justice ColcorJc.

It is a universal rule that a tenant shall not be permitted to set up any objection to the title of his landlord: and this is not merely a technical rule, but one founded in public convenience,, 'and policy. 1. Selwyn, 542.
And this rule applies to all kinds of tenancy'', whether for years, at will, or by sufferance. Now the defendant in this case must be considered as a tenant. When she. entered, it was by virtue of the lease to her husband: she was then by law identified with him: they were one. If the term was unexpired at his death, it would enure to the benefit of the estate of the deceased. But suppose she was not tcchuicallya tenant; the point cannot be disputed, that any cne who goes into possession by permission of another, whether as tenant or otherwise, must restore such possession: and this results from the principles of justice, as well as the rales of policy, and I think was decided in the case of Wilson ads. Wcatliersby. (a) There the defendant, who had been, a tenant, went out of the possession for a time and returned again. It was contended, that under these circumstances, he ought not to he considered as a tenant, and that the rule could not apply to him. But, Mr. Justice Clvevcs, who delivered the opinion of the court, observes, “that the ground was founded on a misconception of the principle, which is not confined to cases of tenancy, in the common acceptation of the term.These cases have only furnished examples of the application of tlie principle, which is, that wherever a defendant has entered into possession under the plaintiff, he shall not bo permitted* while he remains in possession, to dispute the plaintiff’s title. He has a right to purchase any title he pleases, but he is bound, bona fide, to give up possession and to bring his .action to try title,” and he refers to 6 Johnson, 34, Jackson, ex. dem. Smith vs. Steward. 2. Binney, 471, Galloway vs. Ogle. The same position is laid down in Richardson, vs. Broughton, 2. Nott and M'Cord, 417,
*72 It was said however, that the defendant’s husband, had taken a lease from. Gréen, áfter he went in under the plaintiff, and that she must therefore be considered as holding from Greem But this would be permitting her to commit a fraud for the benefit of another, which she would not be permitted to commit for her own benefit. The same principle which prevents her from Getting up a title in her self, will prevent her from aiding another in doing so.
The motion is dismissed. —
Huger, Johnson, JTott and Richardson, Justices, concurred.

 Reported in note* 1. Watt and M'Card, 373..